UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOSE CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, SUBSCRIBING TO CERTIFICATE NO. SUAWSD50147-2001, ) ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No.: 4:23-cv-00099 |
| U-DRIVE ACCEPTANCE CORPORATION, INC. and DEBRA SUE HAMMONS, ) ) ) | |
| Defendants. ) | |

**JOINT PROPOSED SCHEDULING PLAN**

Plaintiff Those Certain Underwriters At Lloyd's, London, Subscribing To Certificate No. SUAWSD50147-2001 ("Plaintiff") and Defendants U-Drive Acceptance Corporation, Inc. ("U-Drive") and Debra Sue Hammons ("Hammons") (collectively the "Parties"), in response to the Court's Order Setting Rule 16 Conference [Doc. 19], submit the following proposed Joint Scheduling Plan:

**Nature of the Case**

This is a declaratory judgment coverage action regarding whether Underwriters owe any duty to defend or indemnify their insured U-Drive under a claims-made management liability insurance policy issued to U-Drive effective January 29, 2020 to January 29, 2021, with a retroactive date of January 29, 2020 (the "Policy"), for an underlying class action brought by Hammons via counterclaim in Missouri state court ("Hammons Action"). The Hammons Action, which is now certified as a class action and remains pending, alleges that U-Drive, a sub-prime auto lending business, engaged in unlawful practices in mailing pre-sale and post-sale notices as a standard

1

practice to secured parties, constituting violations of the U.C.C.  Underwriters are providing a defense to U-Drive in the Hammons Action, subject to a reservation of rights to deny coverage.

### Related Coverage Action

Underwriters filed a separate coverage action against U-Drive in the District Court for the District of New Mexico, *Those Certain Underwriters at Lloyd's, London, Subscribing to Certificate No. SUAWSD50147-2001 v. U-Drive Acceptance Corporation, Inc., et al.*, case No. 1:23-cv-00037-JHR-GJF, seeking a declaration that it owes no duty to defend or indemnify its insureds for a consumer class action pending in New Mexico state court.  The parties are not yet at issue there.

a. **Track Assignment.**  An assignment to Track 1 is appropriate and agreed upon by all parties, subject to modification depending upon the court's rulings following Phase I discovery and dispositive motions, discussed below.

b. **Joinder of Additional Parties or Amendment of Pleadings.**  The parties shall move to join additional parties or amend pleadings by September 1, 2023.

c. **Discovery Plan.**

　　i.　Electronically Stored Information ("ESI").  To the extent that there will be relevant electronically stored information, the parties expect the disclosure of such information will be able to handled through the routine discovery process.  The parties have made no agreements regarding electronically stored information to date.

　　ii.　Agreements Regarding Privileged Information and/or Work Product.  Documents and ESI in the custody of Defendants contain confidential personal information concerning the Hammons class, including, for instance, social security numbers.

        To the extent that the parties cannot reach agreement concerning the production of said information, the parties are amenable to future agreements concerning a potential Protective Order to the extent that any sensitive information is sought or revealed.

iii. Rule 26(a)(1) Initial Disclosures. Rule 26(a)(1) initial disclosures will be exchanged by August 14, 2023.

iv. Discovery in Phases or Limited to Certain Issues. Since the Hammons Action remains pending, the duty to defend is the only issue ripe for consideration by the court at this time. The duty to indemnify, if any, can only be ruled upon after the disposition of the Hammons Action by settlement or judgment. The Parties believe that discovery should be completed in phases as follows:

    a. Phase I discovery limited to written discovery relevant to the duty to defend;

    b. Phase II discovery, if necessary, regarding the duty to indemnify to take place upon disposition of the Hammons Action.

v. Experts. Because experts are not applicable to Phase I discovery, the Parties propose that disclosure of experts be deferred until further court order upon commencement of Phase II discovery.

vi. Presumptive Limits on Depositions and Interrogatories during Phase I discovery. The Parties anticipate that the presumptive limits of ten depositions per side and 25 interrogatories per party will be reasonable and propose that those limits shall apply to Phase I discovery. The Parties further propose that any limitations pertaining to Phase II discovery be deferred until Phase II commences, if at all.

vii. Physical or Mental Exams.    Inapplicable

      viii.    Completion of Discovery. The Parties propose that Phase I fact discovery be completed by November 20, 2023.

      ix.    Other Matters Pertinent to Completion of Discovery: The Parties are not presently aware of other matters pertinent to Phase I discovery at this time.

d.    **Referral to Mediation or Early Neutral Evaluation.**  The parties are not yet sure whether mediation will be productive in this matter.

e.    **Dispositive Motions.**  The parties shall file dispositive motions pertaining to Phase I, including Motions to Dismiss and/or Motions for Summary Judgment, by December 18, 2023.

f.    **Earliest Date for Trial.**  The parties request that any setting of a trial date be deferred until a ruling on Phase I dispositive motions.

g.    **Length of Trial.**  The parties request that they advise the court of the anticipated length of trial, if any, after the court rules on Phase I dispositive motions.

h.    **Other Matters.**  The parties know of no other matters which should presently be included in the Joint Scheduling Plan.

THE ABOVE PROPOSED SCHEDULING PLAN IS HEREBY STIPULATED by and between the undersigned attorneys.

Respectfully submitted,

Counsel for Plaintiff, Those Certain Underwriters At Lloyd's, London, Subscribing To Certificate No. SUAWSD50147-2001

By:  */s/ Howard J. Fishman*
    Howard J. Fishman (admitted *pro hac vice*)
    Karbal, Cohen, Economou, Silk & Dunne, LLC
    200 South Wacker Drive, Suite 2550
    Chicago, Illinois 60606
    Tel:  (312) 431-3700
    Fax: (312) 431-3670
    hfishman@karballaw.com

    and

Michael L. Young
REICHARDT NOCE & YOUNG
12444 Powerscourt Drive
Suite 160
St. Louis, MO  63131
Tel:  (314) 789-1199
Fax: (314) 754-9795
mly@reichardtnoce.com

Respectfully submitted,

Counsel for Defendant, Debra Sue Hammons

By:  */s/ Martin L. Daesch*
    Martin L. Daesch , # 40494 (MO)
    Craig W. Richards, #67262 (MO)
    Jesse B. Rochman, #60712 (MO)
    OnderLaw, LLC
    110 E. Lockwood
    St. Louis, MO 63119
    Tel:  (314) 963-9000
    Fax:  (314) 963-1700
    daesch@onderlaw.com
    richards@onderlaw.com
    rochman@onderlaw.com

Counsel for Defendant, U-Drive Acceptance Corporation, Inc.

By:  */s/ Paul F. Devine*
    Beth C. Boggs
    Paul F. Devine
    Boggs, Avellino, Lach & Boggs, L.L.C.
    9326 Olive Boulevard, Suite 200
    St. Louis, MO  63132
    bboggs@balblawyers.com
    pdevine@balblawyers.com
    Tel:  314-726-2310
    Fax: 314-726-2360