UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOSE CERTAIN UNDERWRITERS OF )<br>LLOYD'S OF LONDON, SUBSCRIBING TO )<br>CERTIFICATE NO. SUAWSD50147-2001, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>U-DRIVE ACCEPTANCE CORPORATION, )<br>INC. and DEBRA SUE HAMMONS, )<br>)<br>Defendants. ) | Case No. 4:23 CV 99 JMB |

## CASE MANAGEMENT ORDER

Pursuant to the Civil Justice Reform Act Expense and Delay Reduction Plan and the Differentiated Case Management Program of the United States District Court of the Eastern District of Missouri and the Federal Rule of Civil Procedure 16 Conference held on **Thursday, July 27, 2023**,

**IT IS HEREBY ORDERED** that the following schedule shall apply in this case, and will be modified only upon a showing of exceptional circumstances:

### I. SCHEDULING PLAN

1. This case has been assigned to **Track 1**. The parties agree that discovery shall be conducted in phases. Phase I shall consist of discovery related to Plaintiff's potential duty to defend its insured. Phase II shall consist of discovery related Plaintiff's potential duty to indemnify its insured. Phase II discovery shall commence, if necessary, after the conclusion of Phase I and shall be scheduled at a later date. This Case Management Order sets forth deadlines for Phase I discovery.

2. The deadline for seeking leave to amend pursuant to Rule 15, Fed.R.Civ.P., is **September 1, 2023.**

3. Disclosure shall proceed in the following manner:

   (a) The parties shall make all disclosures required by Rule 26(a)(1), Fed.R.Civ.P., no later than **August 14, 2023.**

   (b) The parties do not anticipate experts for Phase I discovery.

   (c) No requests for physical or mental examinations of plaintiff are anticipated.

   (d) The presumptive limits of ten depositions per side and twenty-five interrogatories per party as set forth in Fed. R. Civ. P. 30 and 33, respectively, shall apply in this case. The parties may agree by stipulation on other limits on discovery.

   (e) The parties shall complete Phase I discovery in this case no later than **November 1, 2023**.

   (f) Motions to compel shall be pursued in a diligent and timely manner, but in no event filed more than eleven (11) days following the discovery deadline set out above. <u>Before a motion to compel is filed</u>, the parties shall schedule a telephone conference with the Court and shall send to the Court a joint summary, no longer than one page, of the issues on which the parties seek the Court's guidance. Any motions filed before a telephone conference is scheduled will be denied without prejudice.

4. This case shall not be referred to alternative dispute resolution at this time. If the parties wish to pursue ADR, they may file a motion.

5.  Any motions to dismiss, for summary judgment, for judgment on the pleadings, or to exclude expert testimony pursuant to <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), or <u>Kumho Tire Co., Ltd. v. Carmichael</u>, 526 U.S. 137 (1999), shall be filed no later than **December 18, 2023**.  The response in opposition to such a motion will be due twenty-eight days later, or no later than **January 15, 2024**; the reply in support of the motion will be due fourteen days after the response, or no later than **January 29, 2024**.

## II.  ORDER RELATING TO TRIAL

By agreement of the parties at the Rule 16 conference, this action will not be set for trial at this time.  However, this matter is set for a status conference on **April 4, 2024 at 9:30 a.m. in chambers.**

Failure to comply with any part of this Order may result in the imposition of sanctions.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of July, 2023